UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br>_____<br><br>This document relates to:<br><br>John Delahoussaye v. Bayer Corporation, et al.,<br>No. 2-cv-2370 | MDL NO. 1407<br><br>ORDER OVERRULING BAYER CORPORATION'S OBJECTION TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED |

On March 8, 2005, the court issued an order to show cause why this matter should not be remanded. Defendant Bayer Corporation ("Bayer") filed an objection, urging the court not to remand the case because plaintiff's claims against co-defendant The Delaco Company ("Delaco") are presently stayed pursuant to its Chapter 11 bankruptcy filing. Alternatively, Bayer requests that the court delay remand of the case for six months based on the burden cause by the large number of cases that have already been remanded to Louisiana. Having reviewed Bayer's objection,[1]

---

[1] Plaintiff did not file a response to the objection.

ORDER
Page - 1 -

the court hereby finds and rules as follows:

Delaco filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on February 12, 2004.  The bankruptcy filing stayed all claims against Delaco under 11 U.S.C. § 362, including plaintiff's claim. Plaintiff allegedly suffered a stroke 5 to 7 hours after taking Dexatrim, a Delaco product, and 20 to 22 hours after taking Alka-Seltzer Plus, a Bayer product. Bayer argues that Delaco is the "primary target defendant" because plaintiff ingested Delaco's product closer to the time of his stroke. Therefore, Bayer argues, judicial efficiency requires that the case should not be remanded until Delaco's bankruptcy is resolved and plaintiff can resume prosecution of his claim against the company.

In essence, Bayer is asking the court to extend Delaco's automatic stay to include nonbankrupt Bayer--something the court will not do. While courts have been willing to extend a debtor's automatic stay to include its nonbankrupt co-defendants, they have done so only when the co-defendants' interests were so intimately intertwined with the debtor's that the latter may be said to be the real property in interest. See, e.g., A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1007 (4th Cir. 1986). Courts have decline to extend the automatic stay to unrelated co-defendants who have merely a joint tortfeasor relationship with the debtor. See, e.g., Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir. 1983) (bankruptcy court would not exercise its discretion to extend automatic stay so as to encompass nondebtor defendants in

asbestos products liability actions; the scope of the automatic stay is narrowly focused on protection of debtor only).

In the alternative, Bayer urges the court to stay remand of the case in order to relieve the corporation and its counsel of the hardships and scheduling conflicts that it claims will result if the case is remanded to Louisiana.  Bayer asserts that if the court remands this case, 48 total cases against Bayer will have been (or shortly will be) remanded back to federal courts in Louisiana. Bayer requests that the court delay remand in order to allow these cases to work their way through the Louisiana federal court system. In support of its request, Bayer points to the final paragraph of Case Management Order 17C ("CMO 17C") which states that the remand process is flexible and may be adjusted as needed to "lessen the burden on any participant in [the remand] process."

The court is not persuaded that a stay of remand is necessary. The court has set up a system for remand and both plaintiff and Bayer agree that the case is ripe for remand. While CMO 17C does allow the court to adjust the flow of remanded cases, the present record does not warrant such action. If the number of remanded cases to date has indeed placed a burden on the Louisiana federal court system, that is something for those courts to handle. If Bayer's counsel is feeling burdened by the number of remanded cases, counsel should raise the issue with the remand judge during the scheduling conference. Simply put, Bayer's assertions of undue burden are too vague to warrant a

six-month delay of remand in a case where all parties agree that it is ripe for remand.

Based on the foregoing, the court OVERRULES Bayer's objection to the order to show cause why the case should not be remanded. The case will be included on the court's May, 2005 Suggestion of Remand Order.

DATED at Seattle, Washington this 9th day of May, 2005.

_____
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT
JUDGE